UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/5/12

BEATRICE SHIRLEY WILLIAMS STEELE,

               Plaintiff,

- against -

TRANS UNION, EXPERIAN, and EQUIFAX,

               Defendants.

ECF CASE

10 Civ. 6749 (PGG)

**MEMORANDUM
OPINION & ORDER**

PAUL G. GARDEPHE, U.S.D.J.:

       Pro se plaintiff Beatrice Steele has requested "reconsideration" of settlement agreements she entered into with each of the Defendants—Trans Union, Experian, and Equifax, the major credit reporting agencies in the United States. (Dkt. No. 30) Steele alleges that Defendants breached the settlement agreements by failing to remove inaccurate information from her credit report and by adding new inaccurate and negative information. Steele asks this Court to enter judgment against the Defendants in the amount of $3,075,000. For the reasons set forth below, Steele's request is DENIED.

## BACKGROUND

       On August 9, 2010, Steele filed an action against Defendants Trans Union, Experian, and Equifax in Supreme Court of the State of New York, Bronx County, alleging that Defendants had refused to remove inaccurate information from her credit report. Plaintiff requested relief of $3,075,000: "75,000 in damages and one million from each credit bureau." (Dkt. No. 4) Defendants construed Steele's claims to allege violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, and filed a notice of removal based on federal question and

diversity jurisdiction. (Dkt. No. 1) The Defendants subsequently answered, and this Court entered a case management plan on January 18, 2011. (Dkt. Nos. 8, 9, 11, 21)

In March 2011, Plaintiff engaged in settlement discussions with each Defendant. Those discussions culminated in three separate settlement agreements. (Kirk Decl., Ex. A-1; Dubeck Decl., Ex. B-1; Olson Decl., Ex. C-1) The parties then submitted stipulations of dismissal, which this Court so-ordered on April 6, April 14, and April 27, 2011. (Dkt. Nos. 26 - 28)

In the Experian and Equifax settlement agreements, Plaintiff affirmed that the companies' then current credit reports concerning Plaintiff were accurate. (Dubeck Decl., Ex. B-1, ¶ 5; Olson Decl., Ex. C-1, ¶ 7) In the Trans Union settlement agreement, Plaintiff agreed that the company's then current credit report concerning her was accurate except as to one item, which she agreed would not provide the basis for any future claims against Trans Union. (Kirk Decl., Ex. B-1, ¶ 5) None of the settlement agreements impose any continuing obligations on Defendants to ensure that their credit reports concerning Plaintiff are accurate. (Kirk Decl., Ex. A-1; Dubeck Decl., Ex. B-1; Olson Decl., Ex. C-1)

On May 13, 2011, Steele filed a motion requesting "reconsideration as to the settlement agreement[s] that [were entered into] by these three credit reporting agencies." (Dkt. No. 30) Steele alleges that "the reporting agencies failed to keep up their agreement as stipulated," and asks the Court to enter judgment against the Defendants in the amount of $3,075,000. (Id.) Steele alleges that her telephone number as listed in Defendants' credit reports is incorrect and that newly reported and inaccurate negative credit information issued by the three agencies continues to cause her to be denied credit.

## DISCUSSION

### I.  Plaintiff's Motion for Reconsideration

A motion for reconsideration is appropriate where a court "has overlooked "'controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.""" Mikol v. Barnhart, 554 F. Supp.2d 498, 500-01 (S.D.N.Y. 2008) (quoting Greenwald v. Orb Commc'ns & Mktg., Inc., 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003) (quoting Range Road Music, Inc. v. Music Sales Corp., 90 F.Supp.2d 390, 392 (S.D.N.Y.2000)) (alteration in original). Reconsideration of a settlement agreement is not appropriate because settlement agreements are private contracts between parties and not court orders. To the extent that Plaintiff's request could be viewed as a request for relief from the so-ordered stipulations of dismissal under Fed. R. Civ. P. 60(b), Plaintiff has not alleged any ground for relief under Rule 60(b).

Plaintiff's request is best viewed as a claim that Defendants breached the settlement agreements by issuing new credit reports concerning her that contain inaccurate information. Assuming, for argument's sake, that this Court – in this action – could hear a claim that Defendants breached the settlement agreements, Plaintiff has no breach claim. None of the settlement agreements impose any continuing obligations on Defendants to ensure that their credit reports concerning Plaintiff are accurate. (Kirk Decl., Ex. A-1; Dubeck Decl., Ex. B-1; Olson Decl., Ex. C-1) Accordingly, if Defendants are in fact disseminating credit reports that contain inaccurate information about Plaintiff, they are not breaching the agreements that they entered into with her. Plaintiff's remedy – if she believes that Defendants are disseminating false information in their credit reports concerning her – is to bring a new lawsuit.

## II. Plaintiff's Alleged Breach of the Settlement Agreement's Confidentiality Provision

Trans Union argues that Plaintiff breached a confidentiality provision in the parties' settlement agreement by disclosing the terms of the agreement to this Court, and by including with her motion papers – filed on this Court's public docket – a copy of the Trans Union settlement agreement. (See Kirk Decl., ¶ 13, Exh. A-2; Joint Resp. in Opp. to Plaintiff's Motion for Reconsideration, at 6) Trans Union argues that it is entitled to reasonable attorneys' fees and costs associated with its efforts to enforce the confidentiality provision. (Joint Resp. in Opp. to Plaintiff's Motion for Reconsideration, at 7-8)

On May 26, 2011, Trans Union's counsel sent a one-page letter to this Court requesting that Plaintiff's motion for reconsideration be sealed, because it contained information that Plaintiff had agreed to maintain as confidential. The Court memo-endorsed Trans Union's application, granting the request for sealing. Whatever attorney's fees are associated with this letter must be de minimis. Accordingly, Trans Union's request for attorney's fees and costs will be denied.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is DENIED. Defendant Trans Union's application for attorneys' fees and costs is DENIED. The Clerk of the Court is directed to terminate the motion (Dkt. No. 30).

Dated: New York, New York
       January 5, 2012

                              SO ORDERED.

                              _____
                              Paul G. Gardephe
                              United States District Judge